# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
**Steven M. Larimore, Clerk Of Court**
299 E. Broward Blvd., Room 108
Ft. Lauderdale, FL 33301
(954) 769-5400



RECEIVED
MAILROOM

AUG 1 5 2008

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

**Date: August 12, 2008**

United States District Court
Eastern District of Virginia
401 Courthouse Square
2nd Floor
Alexandria, VA 22314-5704

RE: USA -vs- Precious Matthews

Our Case No.  08-6283        Your Case No. 108-mj-600

Dear Fellow Clerk:

Please find enclosed our original Magistrate file and a copy of the docket sheet which
is being transferred to your jurisdiction  pursuant to an Order of Commitment to Another District.
Any cash bond which may have been posted will be forwarded at a later date from the
Financial Section of this District.  Please acknowledge receipt on the copy of this letter.

Respectfully,

STEVEN M. LARIMORE
COURT ADMINISTRATOR /CLERK OF COURT

By: _Glenda Walker_
    Deputy Clerk

Receipt acknowledged by:
Signature:_____
Print Name: _____
Title:_____

# U.S. District Court
## Southern District of Florida (Ft. Lauderdale)
## CRIMINAL DOCKET FOR CASE #: 0:08-mj-06283-LSS-1
## Internal Use Only

Case title: USA v. Matthews

Date Filed: 08/04/2008
Date Terminated: 08/12/2008

Assigned to: Magistrate Judge Lurana S. Snow

### Defendant (1)

**Precious Nya Matthews**
*TERMINATED: 08/12/2008*

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Opening)** | |
|---|---|
| None | |

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Terminated)** | |
|---|---|
| None | |

| **Complaints** | **Disposition** |
|---|---|
| 18:1349.F ATTEMPT AND CONSPIRACY TO COMMIT MAIL FRAUD | |

### Plaintiff

| **USA** | represented by | **Terry Lindsey**<br>United States Attorney's Office<br>500 E Broward Boulevard<br>7th Floor<br>Fort Lauderdale, FL 33301-3002<br>954-356-7255<br>Fax: 356-7336<br>Email: Terry.Lindsey@usdoj.gov |
|---|---|---|

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/03/2008 | ❶ | Arrest of Precious Nya Matthews (at) (Entered: 08/05/2008) |
| 08/04/2008 | ❶ 1 | Magistrate Removal of Complaint from Eastern District of Virginia as to Precious Nya Matthews Case number in the other District 1:08-MJ-600 as to Precious Nya Matthews. (at) (Entered: 08/05/2008) |
| 08/04/2008 | ❶2 | Minute Entry for proceedings held before Magistrate Judge Lurana S. Snow: Initial Appearance in Rule 5(c)(3) Proceedings as to Precious Nya Matthews held on 8/4/2008. Defendant advised of charges. Steve Golembe standing in (Tape #LSS-08-29-3473-3620/8-31-1-35.) (at) (Entered: 08/05/2008) |
| 08/04/2008 | ❶3 | Order on Initial Appearance as to Precious Nya Matthews for proceeding held on 8/4/2008 Detention Hearing set for 8/7/2008 10:00 AM in Fort Lauderdale Division before Magistrate Judge Robin S. Rosenbaum. Removal Hearing set for 8/7/2008 10:00 AM in Fort Lauderdale Division before Magistrate Judge Robin S. Rosenbaum.. (Signed by Magistrate Judge Lurana S. Snow on 5/4/08.) (at) (Entered: 08/05/2008) |
| 08/07/2008 | ❶4 | Minute Entry for proceedings held before Magistrate Judge Robin S. Rosenbaum: Bond Hearing as to Precious Nya Matthews held on 8/7/2008 Removal hearing started and continued until 8/12/08. (Tape #08-54.) (dd) (Entered: 08/07/2008) |
| 08/12/2008 | ❶5 | Minute Entry for proceedings held before Magistrate Judge Robin S. Rosenbaum: Removal Hearing as to Precious Nya Matthews held on 8/12/2008 (Tape #08-RSR-55:1351-1592.) (gw) (Entered: 08/12/2008) |
| 08/12/2008 | ❶6 | COMMITMENT TO ANOTHER DISTRICT as to Precious Nya Matthews. Defendant committed to District of Eastern District of Virginia.. Signed by Magistrate Judge Robin S. Rosenbaum on 8/12/08. (gw) (Entered: 08/12/2008) |
| 08/12/2008 | ❶7 | Transmittal Letter as to Precious Nya Matthews sent to Eastern District of Virginia with copyof docket sheet and all original documents (gw) (Entered: 08/12/2008) |
| 08/12/2008 | ❶ | (Court only) ***Terminated defendant Precious Nya Matthews, pending deadlines, and motions. (gw) (Entered: 08/12/2008) |

AO 94  (Rev. 8/97) Commitment to Another District

# UNITED STATES DISTRICT COURT

SOUTHERN _____ District of _____ FLORIDA

| UNITED STATES OF AMERICA | COMMITMENT TO ANOTHER |
|---|---|
| **V.** | **DISTRICT** |
| PRECIOUS NYA MATTHEWS | |

| DOCKET NUMBER | | MAGISTRATE JUDGE CASE NUMBER | |
|---|---|---|---|
| District of Arrest | District of Offense | District of Arrest | District of Offense |
| EASTERN DISTRICT OF VIRGINIA | 1:08-mj-600 | SOUTHERN DISTRICT OF FLORIDA | 08-6283-MJ-LSS |

**CHARGES AGAINST THE DEFENDANT ARE BASED UPON AN**

Indictment ☐Information **Complaint** Other (specify) Supervised Release Violation Petition

charging a violation of    18    U.S.C. §   1349

**DISTRICT OF OFFENSE**
    Eastern  District of Virginia

**DESCRIPTION OF CHARGES:**

18:1349; BANK FRAUD

**CURRENT BOND STATUS:**

   X   Bail fixed at $250,000 PSB $75,000 SB *w/Nebbia* and conditions were not met
   ☐ Government moved for detention and defendant detained after hearing in District of Arrest
   ☐ Government moved for detention and defendant detained pending detention hearing in District of Offense
   ☐ Other (specify)    Deferred bond hearing until arrival in the Middle District of Georgia

| **Representation:**    x   Retained Own Counsel | ☐ Federal Defender Organization | ☐ CJA Attorney | ☐ None |
|---|---|---|---|

**Interpreter Required?**    X No       Yes       Language:   English

DISTRICT OF   SOUTHERN DISTRICT OF FLORIDA

## TO: THE UNITED STATES MARSHAL

You are hereby commanded to take custody of the above named defendant and to transport that defendant with a certified copy of this commitment forthwith to the district of offense as specified above and there deliver the defendant to the United States Marshal for that District or to some other officer authorized to receive the defendant.

| August 12, 2008 | |
|---|---|
| Date | United States Judge or Magistrate Judge |

**RETURN**

This commitment was received and executed as follows:

| DATE COMMITMENT ORDER RECEIVED | PLACE OF COMMITMENT | DATE DEFENDANT COMMITTED |
|---|---|---|
| | | |

| DATE | UNITED STATES MARSHAL | (BY) DEPUTY MARSHAL |
|---|---|---|
| | | |

# COURT MINUTES

## U.S. MAGISTRATE JUDGE ROBIN S. ROSENBAUM- FORT LAUDERDALE, FLORIDA

DEFT:   Precious Matthews (J)                    CASE NO:   08-6283-LSS

AUSA:   Terry Lindsey                    ATTY:   Joshua Golembe for Sam Rabin

AGENT                    VIOL:

PROCEEDING:   Removal Hearing            RECOMMENDED BOND:

BOND HEARING HELD - yes / no            COUNSEL APPOINTED:

BOND SET @:                    To be cosigned by:

| | | |
|---|---|---|
| ❑ | Do not violate any law. | Gvt. Provides certified copy of Arrest warrant from the Eastern District of Virginia.  P/C found previously on 8/8/08. Dfts. Ordered Removed to EDVA. |
| ❑ | Appear in court as directed. | |
| ❑ | Surrender and / or do not obtain passports / travel documents. | |
| ❑ | Rpt to PTS as directed / or _____ x's a week/month by phone; _____ x's a week/month in person. | |
| ❑ | Random urine testing by Pretrial Services. _____ Treatment as deemed necessary. | |
| ❑ | Maintain or seek full - time employment. | |
| ❑ | No contact with victims / witnesses. | |
| ❑ | No firearms. | |
| ❑ | Curfew: _____. | |
| ❑ | Travel extended to: _____. | |
| ❑ | Halfway House _____. | |

| NEXT COURT APPEARANCE: | DATE: | TIME: | JUDGE: | PLACE: |
|---|---|---|---|---|
| INQUIRY RE COUNSEL: | | | | |
| PTD/BOND HEARING: | | | | |
| PRELIM/ARRAIGN. OR REMOVAL: | | | | |
| STATUS CONFERENCE: | | | | |

DATE   8/12/08       TIME:      2:00      FTL/RSR TAPE # 08-      55      Begin:   1351      End:   1552

Time in Court: 10 minutes

*1549268*

AO 442 (Rev. 5/93) Warrant for Arrest

# United States District Court

### EASTERN    DISTRICT OF    VIRGINIA

**UNDER SEAL**

UNITED STATES OF AMERICA

v.                                    **WARRANT FOR ARREST**

**Precious (Nya) Matthews**            CASE NUMBER:    1:08mj600

To: The United States Marshal
     and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest     <u>Precious (Nya) Matthews</u>
                                                    Name

and bring him or her forthwith to the nearest magistrate judge to answer a(n)

☐ Indictment  ☐ Information  ☒ Complaint  ☐ Order of court  ☐ Violation Notice  ☐ Probation Violation Petition

charging him or her with (brief description of offense)

Conspiracy to Commit Bank Fraud

in violation of Title __18__ United States Code, Section(s) __1349__

_Barry R. Poretz_                      _U.S. Magistrate Judge_
Name of Issuing Officer                Title of Issuing Officer

_(signature)_                          _August 1, 2008  Alexandria, VA_
Signature of Issuing Officer            Date and Location

Bail fixed at $ _____
                                   By _____
                                         Name of Judicial Officer

| RETURN |
|---|
| This warrant was received and executed with the arrest of the above-named defendant at _____ |

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |

# COURT MINUTES

## U.S. MAGISTRATE JUDGE ROBIN S. ROSENBAUM- FORT LAUDERDALE, FLORIDA

DEFT:   Precious Matthews  (J)                    CASE NO:   08-6283-LSS

AUSA:   Terry Lindsey                             ATTY:   Sam Rabin

AGENT   Michael Nail--FBI                         VIOL:

PROCEEDING:   PTD & Removal Hearing              RECOMMENDED BOND:

BOND HEARING HELD - yes / no                     COUNSEL APPOINTED:

BOND SET @:   75,000 CSB w/ Nebbia               To be cosigned by:
              250,000PSB co-signed by mother

| | | |
|---|---|---|
| ● | | PTD held; Bond set; with special conditions that the dft. Reside w/her mother, electronic monitoring to be paid by the dft and a curfew from 10 pm -6am.Dft. Allowed to travel SDL, ND TX and EDVA..Removal hearing held and continued to 8/12/08 @ 2:00 pm before Judge Rosenbaum. |
| ❑ | Do not violate any law. | |
| ❑ | Appear in court as directed. | |
| ❑ | Surrender and / or do not obtain passports / travel documents. | |
| ❑ | Rpt to PTS as directed / or _____ x's a week/month by phone; _____ x's a week/month in person. | |
| ❑ | Random urine testing by Pretrial Services. _____ Treatment as deemed necessary. | |
| ❑ | Maintain or seek full - time employment. | |
| ❑ | No contact with victims / witnesses. | |
| ❑ | No firearms. | |
| ❑ | Curfew: _____. | |
| ❑ | Travel extended to: _____. | |
| ❑ | Halfway House _____. | |

| NEXT COURT APPEARANCE: | DATE: | TIME: | JUDGE: | PLACE: |
|---|---|---|---|---|
| INQUIRY RE COUNSEL: | | | | |
| PTD/BOND HEARING: | | | | |
| PRELIM/ARRAIGN. OR REMOVAL: | 8/12/08 | 2:00 pm | RSR | |
| STATUS CONFERENCE: | | | | |

DATE   8/7/08      TIME:      10:00      FTL/RSR  TAPE # 08-      54      Begin:   532-2377   End:   3380-3537

Time in Court:1hour 30 minutes

# COURT MINUTES

## U.S. MAGISTRATE JUDGE LURANA S. SNOW - FORT LAUDERDALE, FLORIDA

DEFT:   PRECIOUS NYA MATTHEWS  (J)#           CASE NO:   08-6283-LSS

AUSA:   Terry Lindsey *present*              ATTY:      Sam Raben (Steve Golembe standing in)

AGENT:                                        VIOL:   REMOVAL: ED/Virgina- Bank Fraud

PROCEEDING:   INITIAL APPEARANCE             RECOMMENDED BOND:   PTD

BOND HEARING HELD - yes / no                 COUNSEL APPOINTED:

BOND SET @:                                   To be cosigned by:

- ❑   Do not violate any law.                        *Advised of charges*

- ❑   Appear in court as directed.

- ❑   Surrender and / or do not obtain passports / travel documents.

- ❑   Rpt to PTS as directed / or _____ x's week/month by phone; _____ x's a week/month in person.

- ❑   Random urine testing by Pretrial Services. _____ Treatment as deemed necessary.

- ❑   Maintain or seek full - time employment.

- ❑   No contact with victims / witnesses.

- ❑   No firearms.

- ❑   Curfew: _____.

- ❑   Travel extended to: _____.

- ❑   Halfway House _____.

| NEXT COURT APPEARANCE: | DATE: | TIME: | JUDGE: | PLACE: |
|---|---|---|---|---|
| INQUIRY RE COUNSEL: | | | | |
| PTD / REMOVAL HEARING: | 8-7-08 | 10:00 | RSR | |
| PRELIM/ARRAIGN. : | | | | |
| STATUS CONFERENCE: | | | | |

| DATE: | 8-4-08 | TIME: | 3:00pm | FTL/LSS TAPE # 029 | 029 | Begin: 3473 | End: 3620 |
|---|---|---|---|---|---|---|---|

10min   030 used previously
08-031
1 - 35

4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 08-6283-LSS

UNITED STATES OF AMERICA

**ORDER ON INITIAL APPEARANCE**

Plaintiff,

Language   English
Tape No.   08- *029*

v.

AUSA      Terry Lindsey
Agent

PRECIOUS NYA MATTHEWS
Defendant.

_____/

The above-named defendant having been arrested on 8-3-08,  having appeared before  the court for initial appearance on 8-4-08 and proceedings having been held in accordance with **F.R.C.P. 5 or 40(a)**, it is thereupon **ORDERED** as follows:

1. _____Sam Raben_____ appeared as permanent/temporary counsel of record.
     Address:_____
     Zip Code: _____ Telephone: _____ 2.
_____ appointed as permanent counsel of record.
     Address: _____ Zip
Code: _____ Telephone: _____3. The
defendant shall attempt to retain counsel and shall appear before the court at _____on_____  before
Judge_____.
4. Removal/Identity hearing is set for 8-7-08 at 10:00 before Judge _KSR_ .
5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f) because ___
_____ 8-7-08  10:00 _KSR_ A
detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for 8-7-08  10:00 before Judge _KSR_ .
6. The defendant shall be released from custody upon the posting of the following type of appearance bond, pursuant
to 18 U.S.C. Section 3142: _____ This
bond shall contain the standard conditions of bond printed in the bond form of this Court  and, in addition, the
defendant must comply with the special conditions checked below:
___a. Surrender all passports and travel document to the Pretrial Services Office.
___b. Report to Pretrial Services as follows: _____as directed; _____times a week /month by phone,
     _____times a week/month_____in person;  other:_____
c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed  substances
     prohibited by law.
___d. Maintain or actively seek full time gainful employment.
___e. Maintain or begin an educational program.
___f. Avoid all contact with victims of or witnesses to the crimes charged.
___g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
___h. Comply with the following curfew: _____
_i. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals.

SCANNED

_j. Comply with the following additional special conditions of this bond:_____

_____

_____

     bond was set: At Arrest _____

                          On Warrant _____

                          After Hearing _____

     If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is _____

_____

_____ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond. Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the conditions set forth herein or those later ordered by the court, the defendant is subject to arrest and revocation of release and to various civil and criminal sanctions for any violation of those conditions. These various sanctions and penalties are set forth more fully in the Appearance Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond has been executed in accordance with this or subsequent court order.

     **DONE AND ORDERED** at Ft. Lauderdale, Florida this 4 day of August, 2008.

                                      LURANA S. SNOW

                                      UNITED STATES MAGISTRATE

cc: Assistant U.S. Attorney
    Defendant
    Counsel
    Copy for Judge
    Pretrial Services/Probation

AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

**EASTERN** _____ **DISTRICT OF** _____ **VIRGINIA**

AUG - 1 2008

UNITED STATES OF AMERICA

v.

Precious (Nya) Matthews

### CRIMINAL COMPLAINT

UNDER SEAL

08-6283-LSS

CASE NUMBER: 1:08MJ600

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. From in or about **September 2007 to the present** in **the City of Alexandria**, in the

_____ **Eastern** _____ District of _____ **Virginia** _____ defendant(s) did, (Track Statutory Language of Offense)

**unlawfully, knowingly and intentionally conspired to commit bank fraud**

in violation of Title _____ **18** _____ United States Code, Section(s) ___**1349**___ .

I further state that I am a(n) ___**Special Agent**___ and that this complaint is based on the following facts:
Official Title

**See Attached Affidavit**

Continued on the attached sheet and made a part hereof:   ☒ Yes   ☐ No

Signature of Complainant

AUSA -John Eisinger
Sworn to before me and subscribed in my presence,

**Michael Nail**
**Special Agent**
**Federal Bureau of Investigation**

**August 1, 2008** _____   at _____ **Alexandria, Virginia** _____
Date                                             City and State

**The Honorable Barry R. Poretz** _____
Name & Title of Judicial Officer                    Signature of Judicial Officer

# UNDER SEAL

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

Alexandria Division



UNITED STATES OF AMERICA,  )
                            )  Case No: 1:08mj 600
v.                          )
                            )  **UNDER SEAL**
PRECIOUS MATTHEWS,          )

## Affidavit in Support of a Criminal Complaint

I, Hadley Etienne, being duly sworn depose, say, and provide the following information:

1.      I am a Special Agent with the Federal Bureau of Investigation ("FBI") assigned to the Criminal Computer Intrusion Squad of the Washington Field Office. I have been employed by the FBI for approximately three years. I have over twelve years of experience working with computers, to include five years as a computer programmer, and over seven years as a system/network engineer. As a Special Agent of the FBI, I am authorized to investigate crimes involving computer intrusions, Internet fraud and identity theft.

2.      I make this affidavit in support of a criminal complaint charging that TOBECHI ONWUHARA, ABEL NNABUE, PAULA GIPSON, PRECIOUS MATTHEWS, BEN KALU, OBINNA NNEJI, EZENWA ONYEDEBELU, and DONALD OKORO (collectively the Target Subjects) did, in the Eastern District of Virginia, commit offenses against the United States in violation of Title 18, United States Code, Section 1349 (Conspiracy to Commit Bank Fraud).

3.      The information in this affidavit is based on (1) my personal knowledge and observations during the course of this investigation; (2) information conveyed to me by other law enforcement officials; (3) review of the evidence obtained from search warrants, pen registers and trap and trace devices, and subpoenas; (4) my review of call recordings; and (5) interviews with the

Target Subjects. Since this affidavit is submitted for the limited purpose of establishing probable cause, I have not set forth each and every fact known regarding this investigation.

## DEFINITIONS OF COMPUTER-RELATED TERMS

4.     The "Internet" is a collection of computers that are connected to one another via high-speed data links and telephone lines for the purpose of sharing information and services. Connections between Internet computers may exist across state and international borders, even if those computers are in the same state.

5.     Electronic mail (email) is a popular form of transmitting messages and/or files in an electronic environment between computer users. An Internet Protocol Address ("IP address") is a unique numeric address used to identify computers on the Internet. An IP address is comprised of a series of four numbers, each in the range of 0-255, separated by periods (e.g., 10.212.8.177). Every computer connection to the Internet must be assigned an IP address so that Internet traffic sent from and directed to that computer is directed properly from its source to its destination. An IP address acts much like a home or business street address - it enables Internet sites to properly route traffic to each other.

6.     An Internet Protocol Address ("IP address") is a unique numeric address used to identify computers on the Internet. An IP address is comprised of a series of four numbers, each in the range of 0-255, separated by periods (e.g., 10.212.8.177). Every computer connection to the Internet must be assigned an IP address so that Internet traffic sent from and directed to that computer is directed properly from its source to its destination. An IP address acts much like a home or business street address - it enables Internet sites to properly route traffic to each other.

2

7.      Broadband Internet access refers to relatively high-speed connections allowing access to other computers on the Internet.  Normally, the standard is a dial-up connection, while significantly faster connections are considered "broadband."

8.      Wireless Internet access is accomplished without a physical cable attaching the computer to a network, e.g. the Internet, an Internet Service Provider, or a local network of some kind. Wireless cards allow a computer to connect to a local wireless hub in a home or business, or to a Wireless Cellphone Provider's network using cell towers.  The wireless card and wireless receiver communicate by transmitting radio signals.

9.      Caller-ID is a service provided by phone companies that displays the phone number of the caller on the receiver's phone or a special Caller-ID box.  The display normally includes the caller's number and, if available, the directory listing for the caller, e.g. caller's name or business name.

## THE SUBJECTS

10.    TOBECHI ONWUHARA (ONWUHARA) is primarily responsible for calling financial institutions and convincing them to wire transfer money out of victims' accounts.  ONWUHARA also organizes others who make such calls.  ONWUHARA splits his time between Miami, Florida and Dallas, Texas.  ONWUHARA is also known as Tobe or T.

11.    ABEL NNABUE (NNABUE) is primarily responsible for identifying potential victims and coordinating the gathering of information on victims.  NNABUE resides in Dallas, Texas. NNABUE is also known as Que or Q.

3

12.   PAULA GIPSON (GIPSON) is primarily responsible for calling financial institutions and convincing them to wire transfer money out of victims' accounts and obtaining information on victims. GIPSON resides in Dallas, Texas.

13.   PRECIOUS MATTHEWS (MATTHEWS) is primarily responsible for calling financial institutions and convincing them to wire transfer money out of victims' accounts and laundering the proceeds of the scheme. MATTHEWS is ONWUHARA's fiancée and lives in Miami, Florida.

14.   BEN KALU (KALU) is primarily responsible for providing information on victims. KALU lives in Baltimore, Maryland.

15.   OBINNA NNEJI (NNEJI) is primarily responsible for laundering money. NNEJI resides in Houston, Texas.

16.   EZENWA ONYEDEBELU (ONYEDEBELU) is primarily responsible for laundering money. ONYEDEBELU resides in Dallas, Texas.

17.   DONALD OKORO (OKORO) is primarily responsible for laundering money. OKORO resides in Dallas, Texas.

18.   MIKE WALTER (WALTER) is primarily responsible for organizing money mules in Asia and transferring the money back to the Target Subjects. WALTER resides in Jakarta, Indonesia and was arrested in Singapore as a result of this scheme in or about July 15, 2008.


## THE SCHEME

19.   The Target Subjects are engaged in a scheme designed to defraud financial institutions. The Target Subjects normally target victims who have a large balance in a Home Equity Line of

Credit (HELOC). The Target Subjects use the fraudulently-obtained personal information of the victims to initiate wire-transfers to over-seas bank accounts without the knowledge or authorization of the victims. Although each case is a little different, the following are the primary steps in the scheme.

20.    The Target Subjects obtained pre-paid cell phones, Yahoo! email accounts, pre-paid wireless broadband PC cards, accounts with J2 Global Communications (J2), a fax-to-email service, accounts with E&M Enterprises (d/b/a/ Spoofcard.com) (Spoofcard), a Caller-ID spoofing service, and accounts with Listsource, a company that provides mortgage and real estate information.

21.    NNABUE and others used Listsource to gather mortgage and real estate information, including information on potential victims who had large HELOC accounts. They would then make a copy of the victim's signature from the lease or loan documents. GIPSON, KALU, and others would then run credit reports on the victims. The credit reports would show available balances on the HELOC accounts, as well as other personal information.

22.    The Target Subjects would then use a pre-paid cell phone to call the victim's phone company and forward the victim's phone number to the pre-paid cell phone. The Target Subjects would use Spoofcard to make it appear that the call originated from the victim's phone.

23.    ONWUHARA, GIPSON, MATTHEWS, and others would call the victim's financial institution, normally a credit union, and use social engineering to obtain account information, including account numbers, balances, passwords, security questions, and the like. In some cases, the Target Subjects would use a laptop computer hooked up to a pre-paid wireless broadband

5

card to access the victim's account over the Internet, using information obtained through the calls to the financial institution.

24.     ONWUHARA, GIPSON, MATTHEWS, and others would then request a wire transfer from the victim's account to a bank account in Asia. As part of the financial institution's normal procedure, they would either fax or email an authorization form to the subjects. The Target Subjects would either have the form faxed to a number at J2 that would in turn email the form to the subjects, or they would have the bank email it to one of their Yahoo! accounts. The Target Subjects would fill out the form and cut and paste the electronic version of the victim's signature that they had previously acquired from Listsource. The Target Subjects would then fax the form back to the bank, normally through J2, sometimes including a header at the top that made it appear that the fax came from the victim's phone.

25.     Money transferred to banks in Asia was collected by money mules who got a cut of the incoming funds in return for opening business accounts, receiving money via wire transfers into those accounts, and then withdrawing the money and turning it over to couriers. The couriers bundled the money into containers and shipped the money to WALTER. WALTER would then send money transfers, normally via Western Union, to the Target Subjects, in amounts ranging from a thousand dollars up to tens of thousands of dollars. In addition, WALTER would send large transfers to ONWUHARA, including a transfer of €40,000,000.

26.     MATTHEWS would transfer some of the money received to others, including ONYEDEBELU, NNEJI, GIPSON, NNABUE, and OKORO. In addition, ONWUHARA would go to casinos and deposit large sums of money, often in the hundreds of thousands of dollars.

6

Days later, ONWUHARA would cash out approximately the same amount of money in the form of checks.

## PROBABLE CAUSE

27.     At 12:24 pm on December 7, 2007, an unidentified individual, impersonating Robert Short, called USSFCU, provided the correct personal information of Mr. Short and requested to make a wire transfer in the amount of $280,000 dollars from Mr. Short's savings account to a Woori Bank of Korea account, ending in #1001, through the Wachovia Bank of New York.

28.     As part of their normal business practice, USSFCU sent a wire transfer form to the caller. The caller asked that the form be sent to allstateassociates@yahoo.com. Upon receipt of the completed form, USSFCU sent the wire transfer to the Wachovia Bank of New York, and the Wachovia Bank in turn wired the fund to the Woori Bank of Korea. The call was recorded as the regular business practice of the USSFCU, and was provided to the USSS and the FBI. Both Mr. Short and USSFCU are located in Alexandria, within the Eastern District of Virginia.

29.     On December 9, 2007, the true Robert Short attempted to log onto the USSFCU Internet online banking but was not able to gain access due to a problem with the password. On December 10, 2007, Mr. Short contacted the USSFCU and was provided with a new password. Upon logging onto the Internet online banking, Mr. Short noticed that a total of $280,000 dollars was missing and that several unauthorized Internet online transactions had been conducted in the checking account, the savings account and the Home Equity Line of Credit ("HELOC") account. Mr. Short notified the USSFCU of the discovery.

7

30.    Pursuant to a subpoena, USSFCU provided the IP address that connected to Short's online account. The IP address came back to a pre-paid Verizon Wireless Broadband card with mobile telephone number (MTN) (954) 892-7434. In addition, Yahoo! Inc. ("Yahoo!"), in response to a subpoena, provided the same IP address as having accessed the email account: allstateassociates@yahoo.com.

31.    Pursuant to a subpoena, Verizon provided video footage showing three men depositing $200 in cash at a Verizon store in Plano, Texas for the Verizon broadband account with MTN (954) 892-7434. A cooperating witness, who was a former associate with ONWUHARA and NNABUE, identified ONWUHARA and NNABUE as two of the three individuals in the video footage from Verizon.

32.    Further investigation revealed that the Target Subjects were using the services of Spoofcard, a company that provides Caller-ID spoofing, call recording, and voice masking services. The Target Subjects would call Spoofcard's toll-free number and enter a PIN. They would then specify the recipient's phone number and the number they wished to display on the recipient's Caller-ID box.

33.    The investigation has also uncovered additional victim banks and credit unions in which the same methods, Spoofcard PINs, e-mail addresses, and pre-paid cell phones have been used to conduct the fraud. Pursuant to a search warrant issued by this Court, the FBI and USSS have obtained and listened to recordings of calls made by the Target Subjects. The agents were able to differentiate the voices of several men and two women.

34.    A review of telephone recordings provided by Spoofcard identified a call placed on November 10, 2007 at approximately 17:49 EST, from the same individual who called USSFCU on December 7, 2007. The caller used the Spoofcard service to disguise his telephone number,

214-240-9841, as that of a local physician. The subject contacted CVS Pharmacy, 3900 Forest Lane, Dallas, Texas, impersonated Dr. Mc Elya, and made a request for a prescription of Valtrex (500mg) for TOBE ONWUHARA.

35.     On November 17, 2007 at approximately 18:50:40 EST, the same individual again used the Spoofcard service to disguise telephone number 214-240-9841. This time the subject contacted CVS Pharmacy, 4610 Frankfort Road Dallas, Texas and impersonated Dr. McElya to request a prescription of Valtrex (500 mg). The prescription was to be picked up by TOBE ONWUHARA, using ONWUHARA's birth date.

36.     Another recording was of ONWUHARA placing a call from his cell phone, 214-240-9841, to GIPSON at 214-663-1509 on November 26, 2007. GIPSON stated that "she had two that were open" (bank accounts). During the call ONWUHARA asked GIPSON if she had completed transactions that they previously discussed. ONWUHARA and GIPSON discussed a scheme where they would need to physically go inside of Wachovia Banks and open a business account. ONWUHARA stated that he knew someone that worked for Chicago Department of Motor Vehicles (CDMV) who could provide valid Chicago driver license bearing any name or address provided. ONWUHARA also stated that the individual provides the driver's license to help people who may not have "papers." ONWUHARA told GIPSON that she would need to be in the CDMV between 12:30 pm and 4:00 p.m.

37.     Pursuant to a subpoena, Cingular Wireless provided registration information showing that the wireless phone number 214-663-1509 was registered to PAULA GIPSON.

38.     During the review of the Spoofcard recordings, it was revealed that on September 7, 2007, GIPSON placed a telephone call to a victim financial institution. After providing the security verification information, GIPSON obtained the victim's account balance. GIPSON also verified

9

to see if a wire transfer had been taken out of the account.

39.     Pursuant to a search warrant issued from the Eastern District of Virginia, Yahoo provided copies of messages sent and received from allstateassociates@yahoo.com.   The messages included messages to and from p08g75@yahoo.com.   Pursuant to a grand jury subpoena, Yahoo provided the account profile for the p08g75@yahoo.com email account, showing that it is was registered to Paula R. Gipson of Dallas, Texas.   Yahoo also provided the IP address used to access the account.   The IP address that accessed the account was used by Paula Gipson and a company she runs, Extra Mile Enterprise.

40.     In another email to Q at the allstateassociate@yahoo.com email address, GIPSON stated that she had an address that Q could use to receive mail.   GIPSON provided the address: 911 Edgedale, Dallas, Texas 75232, and added that no one lived there, but it was setup to look like someone lived at the address.   GIPSON stated that she checks the mail on occasions, but if Q sent mail to the address, he should let her know.

41.     On April 10, 2008, pursuant to a sneak-and-peek search warrant issued by United States Magistrate Judge Joan M. Azrack, Eastern District of New York, ONWUHARA, NNABUE, MATTHEWS, and a traveling companion were stopped together and interviewed at JFK International Airport on their return to the United States from Nigeria.   During a conversation with ONWUHARA, your affiant recognized ONWUHARA's voice as the same voice on calls to USSFCU on December 7, 2007 that resulted in the fraudulent and unauthorized transfer of $280,000 from the account of Robert Short.   ONWUHARA was in possession of the cellular telephone with phone number 214-240-9841 at the time of the interview.

42.     On the same date, during a conversation with MATTHEWS, MATTHEWS confirmed that ONWUHARA went by the nickname T or Tobe, and that NNABUE went by the nickname

Q or Que.  Your affiant recognized MATTHEWS's voice as one of the female callers on calls to financial institutions requesting wire transfers.

43.     Pursuant to a search warrant, Yahoo! provided the contents of the mailbox allstateassociates@yahoo.com.  Among other messages, the mailbox contained the following:

a.      On December 18, 2007, the allstateassociates@yahoo.com account received an order confirmation email from ListSource.com. ListSource is one of the nation's largest sources for property and mortgage data. The data provided by ListSource comes from county assessment files, updated with recorded deed transactions and mortgages. It is believed that ListSource.com data is being used to identify potential victims. The evidence suggests that once the victim is identified and targeted, the signatures from the deed documents are copied onto the signature portion of the wire transfer authorization forms.

b.      On July 29, 2006, an email containing victim account information was sent to a co-conspirator.  The co-conspirator was asked to "take care of this one" and NNABUE explained that the funds could be shared. The email was signed "QUE."

c.      On September 7, 2006, KALU sent a victim's personal data from his email account benkalu2000@yahoo.com.  The reply email in reference to the personal data stated that the social security number and birthday would need to be provided before they could proceed. The email was signed "QUE."

d.      On September 14, 2007, QUE emailed a copy of a victim's Equifax credit file to a co-conspirator.

e.      On November 28, 2006, a co-conspirator sent an email stating that he knew someone that could provide HELOC accounts, but required a 50-50 sharing pattern. On

11

December 6, 2006, a reply to the email stated: "hello there, this is QUE i have not heard from u since our last conversation about the percentage. Lets try to work on something as soon as we can."

44.

45.    Pursuant to a search warrant issued by this Court Yahoo! provided the contents of the email account benkalu2000@yahoo.com. The contents included a message from KALU's wife requesting that divorce papers be sent to a specified address. The message included a copy of some of KALU's financial documents.

46.    Pursuant to a search warrant, Yahoo! provided the contents of email account tobeohara@yahoo.com, which had received email from allstateassociates@yahoo.com in reference to the current scheme. The contents of the account included messages to an individual in Indonesia named "Mike." The individual in Indonesia stated that he could get access to accounts in Korea, China, Hong Kong, Singapore, and Indonesia and would split the proceeds 40% / 60%

47.    Suspicious Activity Reports (SARS) show money being sent via wire transfer from Indonesia to MATTHEWS, NNEJI, OKORO, GIPSON, NNABUE, ONYEDEBELU, OKORO, and ONWUHARA. The phone number in Indonesia for all of these transactions was the same (6285697050066). On or about July 15, 2008, police in Singapore arrested six individuals in reference to a lead sent as a result of this investigation. Four of the individuals were identified as money mules, one was identified as MIKE WALTER. WALTER had a cell phone with the same phone number as used in the money transfers to the Target Subjects.

12

48.     Pursuant to a combination search warrant and pen register/trap and trace device, AT&T Wireless provided toll records and location information for the personal cell phones of ONWUHARA, NNABUE, GIPSON, and MATTHEWS for approximately the last month.

49.     On July 30, 2008, Cingular/AT&T accidentally provided the name and number of the FBI technician tracking ONWUHARA's phone to ONWUHARA. ONWUHARA called the technician and was told that he had reached the FBI. ONWUHARA stopped taking or receiving calls on his cell phone and began using MATTHEWS's cell phone. ONWUHARA called NNEJI multiple times and NNEJI wire transferred $39,000 to MATTHEWS's bank account, from NNEJI's wife's account. MATTHEWS immediately withdrew $6000 of those funds.

## CONCLUSION

50.     Based upon the forgoing, I have probable cause to believe from in or about September 2007, and continuing through in or about July 2008, in the Eastern District of Virginia and elsewhere, PRECIOUS MATTHEWS did knowingly conspire to execute a scheme or artifice to defraud a financial institution and to obtain any of the moneys funds, credits, assets, securities, and other property owned by, and under the control and custody of, a financial institution, by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1349.

13

I therefore request a warrant be issued to any duly authorized Officer of the United States to arrest PRECIOUS MATTHEWS.

Hadley Etienne
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me this 1st day of August, 2008 at Alexandria, VA.

Honorable Barry R. Poretz
United States Magistrate Judge

14