FEB 1 3 2009

CLERK U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Alexandria Division

UNITED STATES OF AMERICA

V.

**Precious Matthews,**
Defendant.

Case Number: 1:08CR00385-001

USM Number: 80764-004

Defendant's Attorney: Andrew Protogyrou, Esq.

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Count One of the Indictment.

The defendant is adjudicated guilty of this offense:

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| 18 U.S.C. 1349 | Conspiracy to commit bank fraud | Felony | 08/01/2008 | One |

As pronounced on February 13, 2009, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to 18 U.S.C. 3553 and the Sentencing Reform Act of 1984.

It is ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Signed this 13th day of February 2009.

/s/
T. S. Ellis, III
United States District Judge

**Defendant's Name:** Precious Matthews
**Case Number:** 1:08CR00385-001

## IMPRISONMENT

The defendant is hereby committed into the custody of the United States Bureau of Prisons to be imprisoned for a total term of: FIFTY-ONE (51) Months, with credit for time already served in connection with the instant offense, pursuant to 18 U.S.C. 3585(b), as computed by the Bureau of Prisons.

The Court makes the following recommendations to the Bureau of Prisons:

That defendant be designated to serve her sentence at a facility commensurate with her security needs that is near Texas, so that she may remain close to her family.

That defendant participate in the Bureau of Prisons' Inmate Financial Responsibility Program as directed in the Restitution Judgment.

That defendant be afforded the opportunity to participate in a Residential Drug Abuse program (RDAP) while incarcerated.

The defendant shall surrender to the United States Marshal's office, as directed by the Probation Officer.

## RETURN

I have executed this judgment as follows:_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this Judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Defendant's Name: Precious Matthews
Case Number: 1:08CR00385-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: Three (3) Years.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

    The defendant shall not commit another federal, state or local crime.

    The defendant shall not unlawfully possess or use a controlled substance.

    The mandatory drug testing condition is suspended, based on the court's determination that the defendant presents a low risk of future substance abuse.

    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

    If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## STANDARD CONDITIONS OF SUPERVISION

    The defendant shall comply with the standard conditions that have been adopted by this court as well as with any special conditions of supervision.

1) the defendant shall not leave the judicial district without the permission of the Court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days before any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or as an agent of a law enforcement agency without the permission of the Court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case  
    Sheet 3A - Supervised Release

Page 4 of 6

| | |
|---|---|
| **Defendant's Name:** | Precious Matthews |
| **Case Number:** | 1:08CR00385-001 |

# SPECIAL CONDITIONS OF SUPERVISION

While on supervised release, pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1) The defendant shall participate in, and successfully complete, a program of substance abuse testing and rehabilitation, as directed by the Probation Officer.

2) The defendant must participate in, and successfully complete, a program of mental health counseling, as directed by the Probation Officer.

3) The defendant must provide the Probation Officer with access to all requested financial information.

4) The defendant must not obtain any additional charge cards or open any new lines of credit without the Probation Officer's advance approval.

5) In the event the restitution is not paid immediately, defendant must pay restitution as a condition of supervised release at the monthly rate of ONE HUNDRED DOLLARS ($100.00), beginning SIXTY (60) DAYS after her release from imprisonment, with interest waived, to the victims in "Attachment A", in accordance with the Restitution Judgment filed on February 13, 2009. The Probation Officer or the defendant may petition the Court to increase or decrease the monthly restitution payment amount, if warranted.

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case  
Sheet 5 - Criminal Monetary Penalties

Page 5 of 6

Defendant's Name: Precious Matthews  
Case Number: 1:08CR00385-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| One | $100.00 | $0.00 | $2,640,259.71 |
| **TOTALS:** | $100.00 | $0.00 | $2,640,259.71 |

No fines have been imposed in this case.
The defendant shall pay restitution, jointly and severally, in accordance with the Restitution Judgment filed on February 13, 2009.
The Court waives the cost of prosecution, incarceration, and supervised release.

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case  Page 6 of 6
Sheet 6 - Schedule of Payments

| | |
|---|---|
| Defendant's Name: | Precious Matthews |
| Case Number: | 1:08CR00385-001 |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

Lump sum payment of $2,640,259.71 due immediately, balance due in accordance with the Restitution Judgment. The special assessment shall be due in full immediately.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.

Nothing in the court's order shall prohibit the collection of any judgment or fine by the United States.

Payments shall be made to the victims listed in "Attachment A" to this Judgment, in accordance with the Restitution Judgment filed on February 13, 2009, with INTEREST on restitution WAIVED.

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
Statement of Reasons - Page 1

**Case Number:** 1:08CR00385-001
**Defendant's Name:** Precious Matthews

# STATEMENT OF REASONS

## I  COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT

A  **X**  The Court adopts the presentence investigation report without change.

B  __  The Court adopts the presentence investigation report with the following changes.
(Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report, if applicable.) (Use page 4 if necessary.)

  1  __  Chapter Two of the U.S.S.G. Manual determinations by court (including changes to base offense level or specific offense characteristics):

  2  __  Chapter Three of the U.S.S.G. Manual adjustment determinations by court (including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance or responsibility):

  3  __  Chapter Four of the U.S.S.G. Manual determinations by court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

  4  __  Additional Comments or Findings (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions. Specify court comments or findings, including paragraphs in the presentence report.)

C  __  The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P.32.

## II  COURT FINDING ON MANDATORY MINIMUM SENTENCE (Check all that apply.)

A  **X**  No count of conviction carries a mandatory minimum sentence.

B  __  Mandatory minimum sentence imposed.

C  __  One or more counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the sentence imposed is below a mandatory minimum term because the court has determined that the mandatory minimum does not apply based on

  __  findings of fact in this case
  __  substantial assistance (18 U.S.C. § 3553(e))
  __  the statutory safety valve (18 U.S.C. § 3553(f))

## III  COURT DETERMINATION OF ADVISORY GUIDELINE RANGE (BEFORE DEPARTURES):

Total Offense Level:  24
Criminal History Category:  1
Imprisonment Range:  51 to 63 months
Supervised Release Range:  3 to 5 years
Fine Range:  $10,000.00 to $1,000,000.00
**X**  Fine waived or below the guideline range because of inability to pay.

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
    Statement of Reasons - Page 2

**Case Number:**        1:08CR00385-001
**Defendant's Name:**   Precious Matthews

# STATEMENT OF REASONS

**IV  ADVISORY GUIDELINE SENTENCING DETERMINATION (Check only one.)**

   A  **X**  The sentence is within an advisory guideline range that is not greater than 24 months, and the court finds no reason to depart.
   B  __  The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons. (Use page 4 if necessary.)

   C  __  The court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual. (Also complete Section V.)
   D  __  The court imposed a sentence outside the advisory sentencing guideline system. (Also complete Section VI.)

**V  DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES (If applicable.)**

   A  The sentence imposed departs (Check only one.):
      __ below the advisory guideline range
      __ above the advisory guideline range

   B  Departure based on (Check all that apply.):

     1  Plea Agreement (Check all that apply and check reason(s) below.):
        __ 5K1.1 plea agreement based on the defendant's substantial assistance
        __ 5K3.1 plea agreement based on Early Disposition or "Fast-track" Program
        __ binding plea agreement for departure accepted by the court
        __ plea agreement for departure, which the court finds to be reasonable
        __ plea agreement that states that the government will not oppose a defense departure motion

     2  Motion Not Addressed in a Plea Agreement (Check all that apply and check reason(s) below.):
        __ 5K1.1 government motion based on the defendant's substantial assistance
        __ 5K1.1 government motion based on the defendant's substantial assistance
        __ government motion for departure
        __ defense motion for departure to which the government has not objected
        __ defense motion for departure to which the government has objected

     3  Other
        __ Other than a plea agreement or motion by the parties for departure (Check reason(s) below.):

   C  Reason(s) for Departure (Check all that apply other than 5K1.1 or 5K3.1.)

| | | |
|---|---|---|
| __ 4A1.3 Criminal History Adequacy | __ 5K2.1 Death | __ 5K2.11 Lesser Harm |
| __ 5H1.1 Age | __ 5K2.2 Physical Injury | __ 5K2.12 Coercion and Duress |
| __ 5H1.2 Education and Vocational Skills | __ 5K2.3 Extreme Psychological Injury | __ 5K2.13 Diminished Capacity |
| __ 5H1.3 Mental and Emotional Condition | __ 5K2.4 Abduction or Unlawful Restraint | __ 5K2.14 Public Welfare |
| __ 5H1.4 Physical Condition | __ 5K2.5 Property Damage or Loss | __ 5K2.16 Voluntary Disclosure of Offense |
| __ 5H1.5 Employment Record | __ 5K2.6 Weapons and Dangerous Instruments | __ 5K2.17 High-Capacity Semiautomatic Firearm |
| __ 5H1.6 Family Ties and Responsibilities | __ 5K2.7 Disruption of Government Function | __ 5K2.18 Violent Street Gang |
| __ 5H1.11 Military Record, Charitable Services, Good Works | __ 5K2.8 Extreme Conduct | __ 5K2.20 Aberrant Behavior |
| | __ 5K2.9 Criminal Purpose | __ 5K2.21 Dismissed and Uncharged Conduct |
| __ 5K2.0 Aggravating or Mitigating Circumstances | __ 5K2.10 Victim's Conduct | __ 5K2.22 Age or Health of Sex Offenders |
| | | __ 5K2.23 Discharged Terms of Imprisonment |
| | | __ 5K3.1 Early Disposition, "fast-track" Program |
| | | __ Other guideline basis (e.g., 2B1.1 commentary |

   D  Explain the facts justifying the departure. (Use page 4 if necessary.)

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
  Statement of Reasons - Page 3

---

**Case Number:** 1:08CR00385-001
**Defendant's Name:** Precious Matthews

# STATEMENT OF REASONS

**VI  COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM (Check all that apply.)**

  A  The sentence imposed departs (Check only one.):
  ___ below the advisory guideline range
  ___ above the advisory guideline range

  B  Sentence imposed pursuant to (Check all that apply.):

  1  Plea Agreement (Check all that apply and check reason(s) below.):
  ___ binding plea agreement for a sentence outside the advisory guideline system accepted by the court
  ___ plea agreement for a sentence outside the advisory guideline system, which the court finds to be reasonable
  ___ plea agreement that states that the government will not oppose a defense motion to the court to sentence outside the advisory guideline system

  2  Motion Not Addressed in a Plea Agreement (Check all that apply and check reason(s) below.):
  ___ government motion for a sentence outside of the advisory guideline system
  ___ defense motion for a sentence outside of the advisory guideline system to which the government did not object
  ___ defense motion for a sentence outside of the advisory guideline system to which the government objected

  3  Other
  ___ Other than a plea agreement or motion by the parties for departure (Check reason(s) below.):

  C  Reason(s) for Sentence Outside the Advisory Guideline System (Check all that apply.)
  ___ the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)
  ___ to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C § 3553(a)(2)(A))
  ___ affords adequate deterrence to criminal conduct (18 U.S.C § 3553(a)(2)(B))
  ___ protects the public from further crimes of the defendant (18 U.S.C § 3553(a)(2)(C))
  ___ provides the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C § 3553(a)(2)(D))
  ___ avoids unwarranted sentence disparities (18 U.S.C § 3553(a)(6))
  ___ addresses the need to provide restitution to victims to provide restitution to any victims of the offense (18 U.S.C § 3553(a)(7))

  D  Explain the facts justifying a sentence outside the advisory guideline system. (Use page 4 if necessary.)

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
Statement of Reasons - Page 4

**Case Number:** 1:08CR00385-001
**Defendant's Name:** Precious Matthews

# STATEMENT OF REASONS

## VII COURT DETERMINATIONS OF RESTITUTION

A __ Restitution is not applicable.

B Total Amount of Restitution: $2,640,259.71

C Restitution not ordered (Check only one.):

1 __ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

2 __ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

3 __ For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

4 __ Restitution is not ordered for other reasons:

C __ Partial restitution is ordered under 18 U.S.C. § 3663(c) for these reasons:

## VIII ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE (If applicable.)

The sentence is imposed for the reasons stated from the Bench, pursuant to 18 U.S.C. 3553, with the advisory guidelines being one factor the Court took into account in the Section 3553 analysis.

Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony cases.

Date of Imposition of Judgment:      February 13, 2009

United States of America v. Precious Nya Matthews, No. 1:08cr00385-001

ATTACHMENT A

|  | Precious N. Matthews | Abel Nnabue | Brandy Anderson | Ezenwa Onyedebelu | Total Due to Victim: |
|---|---|---|---|---|---|
| Capital One<br>Attn: Christine Razor<br>P.O. Box 85582<br>Richmond, VA 23260 | $29,584.67 | $21,220.00 | $29,584.67 | $29,584.67 | $29,584.67 |
| Xceed Financial Federal Credit Union (XFFCU)<br>Attn: Frank Espinoza<br>888 N. Nash Street<br>El Segundo, CA 90245 | $34,886.98 | $21,220.00 | $34,886.98 | $34,886.98 | $34,886.98 |
| American Airlines Federal Credit Union (AAFCU)<br>Attn: Jennie Yen<br>4151 Amon Carter Blvd<br>Fort Worth, TX 76155 | $363,000.00 | $21,220.00 | $363,000.00 | $363,000.00 | $363,000.00 |

United States of America v. Precious Nya Matthews, No. 1:08cr00385-001

| | | | | |
|---|---|---|---|---|
| USAA Corporate Security Investigations USAA Federal Savings Bank (USAA) Attn: Yvette Yamazi 10750 McDermott Freeway San Antonio, TX 78288-9876 | $480,404.29 | $21,220.00 | $480,404.29 | $480,404.29 |
| State Department Federal Credit Union (SDFCU) Attn: Larry Plassmeyer 1630 King Street Alexandria, VA 22314 | $487,952.14 | $21,220.00 | $487,952.14 | $487,952.14 |
| Operational Risk First Republic Bank (FRB) Attn: Jennifer Sze 111 Pine Street San Francisco, CA 94111 | $1,244,431.63 | $21,220.00 | $1,244,431.63 | $1,244,431.63 |

United States of America v. Precious Nya Matthews, No. 1:08cr00385-001

| Total Due from Defendant: | $2,640,259.71 | $127,320.00 | $2,640,259.71[2] | $2,640,259.71[3] | $2,640,259.71[4] |

---

[2] The amount of restitution owed by Brandy Anderson shall be determined at her sentencing scheduled on February 20, 2009.

[3] The amount of restitution owed by Ezenwa Onyedebelu shall be determined at his sentencing scheduled on February 20, 2009.

[4] The amount of restitution owed by Daniel Orjinta shall be determined at his sentencing scheduled on March 6, 2009.